UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>HUGH LESLIE BARAS,<br><br>      Defendant | Case No.: 11-CR-00523 YGR<br><br>**PRETRIAL ORDER NO. 2 AT CONCLUSION OF PRETRIAL CONFERENCE** |

On January 10, 2014, the Court held a Pretrial Conference in the above referenced matter. Michael G. Pitman and Frank J. Riebli appeared on behalf of the United States of America. Defendant Hugh Leslie Baras appeared with counsel of record Marc J. Zilversmit. Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, for good cause shown the Court enters and confirms the following orders for trial set for January 21, 2014:

1. **Witnesses:** The parties are limited to calling the witnesses now identified in filings and disclosures as set forth by the government in Docket 86 and by the defense in Docket 40. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will be allowed only by Court order. The Court understands that the Defendant intends to testify.

2. **Exhibits and Exhibit Lists:** The parties are limited to using the Exhibits identified and disclosed principally as set forth in a working draft by the government in Docket 101 and by the defense in Docket 98. Still outstanding are pictures, summaries, charts, and a few fact exhibits. Updated Exhibit Lists shall be filed by Wednesday, January 15, 2014. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional exhibits will be allowed only by Court order.

3. **Jury Selection:** The Court conducts a comprehensive voir dire and incorporates many of the additional topics requested. The Court will allow each side fifteen (15) minutes to conduct follow up voir dire. In addition:

> *a.* By Tuesday, January 14, 2014, the parties shall provide the Court with a Joint Statement of the Case to be read to the petit jury panel.
>
> b. By Tuesday, January 14, 2014, the parties shall provide the Court with a list of all potential witnesses to be read to the petit jury panel and organized alphabetically. Said list shall contain a header which identifies the case name and case number and shall *not* identify which party intends to call any such witness. The list shall be in a pdf format, one page only so that it can be published electronically, and emailed to the Courtroom Deputy.

4. **Jurors and Peremptory Challenges:** The Court will seat a total of twelve (12) jurors and three (3) alternates. Pursuant to Rule 24 Criminal Rules of Civil Procedure, because the offense charged is punishable by imprisonment for more than one year, the government is allocated six (6) peremptory challenges and the defendant is allocated ten (10) peremptory challenges. Accordingly, peremptory challenges shall be exercised in the following sequence:

- Prosecution First
- *Defense First and Second*
- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth*
- Prosecution Sixth
- *Defense Tenth*

In addition, each party shall be allocated two additional peremptory challenge for the three alternate jurors empanelled. The additional peremptory challenges may be used against an alternate juror only. The initial set of peremptory challenges may not be used for alternate jurors.

*Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

5. **Witnesses at Trial:** The party have agreed, and the Court hereby orders, that the party presenting evidence shall give the other party notice of the witnesses to be called by the close of business on the day preceding the testimony. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

6. **Objections:** There shall be no "speaking objections," and no response unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a response requested, "Not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

7. **Attachments:**

    a. Attachment A is a list of proposed Procedural Stipulations. To the extent agreed upon, the parties shall file said document by Tuesday, January 14, 2014.

    b. Attachment B is the form of Jury Questionnaire.

8. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

9. **Trial Decorum and Procedure:**  Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.

10. **Failure to Comply:**  Failure to comply with the obligations set forth in this order may result in sanctions appropriate to the gravity of the failure.

11. **Further Pretrial Conference:**  The Court shall hold a further pre-trial conference on Tuesday, January 14, 2014 at 2:00 p.m.

**IT IS SO ORDERED.**

Date: January 10, 2014

_____
HON. YVONNE GONZALEZ ROGERS
United States District Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>HUGH L. BARAS,<br>        Defendant | Case No.: 11-cr-00523 YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(Attachment A to Pretrial Order)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

U.S. Attorney _____        For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

U.S. Attorney _____        For the Defendant _____

It is stipulated that both Counsel and Defendant need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

U.S. Attorney _____        For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Courtroom Deputy's determination that all jurors are present.

U.S. Attorney _____                For the Defendant _____

In the absence if the trial judge, any judge of this court may receive the verdict.

U.S. Attorney _____                For the Defendant _____

(Name) _____                (Name) _____

_____                _____

Signature (Attorney for the U.S.)                          Signature (Defense Attorney)