UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>HUGH LESLIE BARAS,<br><br>  Defendant. | Case No:  CR 11-00523 YGR<br><br>**PRETRIAL ORDER NO. 3**<br>**RE MOTION FOR RECONSIDERATION**<br><br>Docket 97, 103 |

Defendant Hugh Leslie Baras is charged in a six-count Superseding Indictment with one count of Theft of Government Property in violation of 18 U.S.C. § 64, and five counts of Tax Evasion in violation of 26 U.S.C. § 7201.  Dkt. 97.  On December 11, 2013, the Court issued an order ruling on the motions in limine filed by the parties.  Dkt. 94.  On December 12, 2013, the Court granted Defendant leave to file a motion for reconsideration.  Dkt. 96.

The parties are presently before the Court on Defendant's Motion to Reconsider Denial of Admission of Evidence of Offers to Pay and Payments of Money Owed, i.e., Defendant's motion for reconsideration of the Court's denial of Defendant's Motion in Limine No. 2 ("motion for reconsideration").  Dkt. 97.  The Government opposes the motion.  Dkt. 102.  Also before the Court is Defendant's unopposed Motion for Leave to File Reply to Opposition to Motion to Reconsider, or to Orally Present Reply Arguments at Pretrial Hearing.  Dkt. 103.  Having read and considered the papers filed in connection with these matters and having considered the parties' arguments at the pretrial conference, the

Court hereby GRANTS Defendant's unopposed motion for leave to file a reply brief, and DENIES Defendant's motion for reconsideration, for the reasons stated below.

## I. DISCUSSION

### A. Motion for Leave to File Reply Brief

Defendant requests leave to file a reply brief in support of its motion for reconsideration. The Government does not oppose the motion. In light of the Government's non-opposition and good cause appearing, Defendant's motion for leave to file a reply brief is GRANTED.

### B. Motion for Reconsideration

Defendant moves for reconsideration of the Court's denial of his Motion in Limine No. 2, which seeks an order granting Defendant permission to present evidence that he offered to pay the taxes he owed to the Internal Revenue Service ("IRS") when confronted by IRS Agents, made subsequent offers to pay his taxes and other money owed to the IRS and SSA, paid the SSA for all overpayments, and paid the IRS the amount due for the tax years in question. Dkt. 53. In support of his motion, Defendant argued that such evidence is admissible under Rule 401 of the Federal Rules of Evidence[1] because it has at least some tendency to support his defense that he was unaware that he owed additional amounts, did not intend to evade his tax debts, and acted in good faith. Id. According to Defendant, he intends to proffer this evidence to demonstrate his good faith and lack of criminal intent. Id.

On December 11, 2013, the Court issued an order denying Defendant's Motion in Limine No. 2, ruling that "because the evidence Defendant intends to offer is irrelevant under Ninth Circuit precedent," citing United States v. Pang, 362 F.3d 1187, 1194 (9th Cir. 2004) ("The district court correctly ruled that evidence of belated tax payments, made while awaiting prosecution, is irrelevant. . . . Were the rule otherwise, tax evaders could avoid

---

[1] Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed.R.Evid. 401.

criminal prosecution simply by paying up after being caught.")[2] (citing Sansone v. United States, 380 U.S. 343, 354 (1965) (subsequent intention to pay taxes is no defense to a past intention to evade taxes)); United States v. Ross, 626 F.2d 77, 81 (9th Cir. 1980) (same)).[3] On December 20, 2013, Defendant filed a motion for reconsideration, arguing that the Court erred in denying his Motion in Limine No. 2 because Pang, Sansome and Ross are all distinguishable insofar as none of these cases "deal[] with an intoxication or diminished capacity defense, . . . an offer of subsequent payments to corroborate good faith at the time of the filing, . . . [or] an offer of payments and payments of money never charged criminally against the defendant." Dkt. 97.  In addition, Defendant argues that Pang, Sansome and Ross are distinguishable because none of these cases address "the Sixth Amendment right to present a defense, . . . the unfairness of permitting the prosecutor to present § 404(b) circumstantial evidence of criminal intent while precluding similar circumstantial evidence of good faith, . . . or the admission of such evidence as a basis of expert opinion." Id.

---

[2] In Pang, the Ninth Circuit stated as follows:

> Pang argues that the district court erred in preventing him from offering evidence that, while awaiting trial in this criminal matter, he paid the IRS $459,227.59, the amount due for the tax years in question.  Pang proffered this evidence to demonstrate a lack of intent to wilfully "evade or defeat" the tax laws. . . .
>
> The district court correctly ruled that evidence of belated tax payments, made while awaiting prosecution, is irrelevant.  Sansone v. United States, 380 U.S. 343, 354, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965) (subsequent intention to pay taxes is no defense to a past intention to evade taxes); United States v. Ross, 626 F.2d 77, 81 (9th Cir. 1980) (same).  Were the rule otherwise, tax evaders could avoid criminal prosecution simply by paying up after being caught.

Pang, 362 F.3d at 1194.

[3] In Ross, the Ninth Circuit held that district court properly excluded testimony of a district counsel of the IRS who would have testified that in 1976 defendant had filed various 1040 tax returns and that in the same year had offered to pay any delinquent taxes that were due for calendar years 1972, 1973 and 1974. Ross, 626 F.2d at 81.  The court stated that "this testimony . . . was properly excluded on the grounds of irrelevancy.  The conduct of defendant in the years subsequent to 1972, 1973 and 1974 was not relevant to the charge that defendant had willfully failed to file tax returns in those three years." Id.

The Court finds that Defendant has failed to demonstrate that the Court erred in denying his Motion in Limine No. 2.  While Defendant is correct that the facts of this case are not identical to the facts in Pang or the other cases relied by the Court in denying his motion, Defendant has not shown that any factual differences between the cases cited by the Court and the instant action justify a result contrary to the Court's ruling.  Defendant has not demonstrated that the rationale underlying the Pang and Ross decisions does not govern.  Defendant cites no controlling authority holding that the evidence he seeks to introduce is admissible as relevant evidence on the issue of intent, i.e., whether he acted willfully in attempting to evade paying income tax owed to the IRS.

Moreover, even assuming for the sake of argument that the Defendant's conduct following the filing of the tax returns at issue has any relevancy to Defendant's intent at the time he filed the returns, the Court finds that Defendant's self-serving acts performed after the IRS confronted him regarding his wrongdoing[4] have little, if any, probative value to his state of mind at the time he filed the returns.  The Court further finds that the minimal probative value, if any, of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury.  See Fed.R.Evid. 403[5]; United States v. Radtke, 415 F.3d 826, 841 (8th Cir. 2005) ("Given that there was little, if any, probative value in [Defendant's] amended filing, . . . the district court did not abuse its discretion in ruling that any minimal probative value was substantially outweighed by danger of confusing the issues and misleading the jury.") (citation omitted).  Accordingly, the evidence that Defendant seeks to introduce is inadmissible under Rule 403.

Defendant urges the Court to adopt the "majority view" that "evidence of subsequent offers to pay and payments should be admitted."  Dkt. 97.  However, contrary to

---

[4] Defendant admits that he failed to pay all the taxes he owed to the IRS for the tax years identified in the Superseding Indictment.

[5] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed.R.Evid. 403.

Defendant's contention, the cases he relies on do not establish a "majority view" on the admissibility of such evidence.  Rather, the out of Circuit authority cited by Defendant merely stands for the unremarkable proposition that a Defendant's conduct subsequent to the filing of allegedly false tax returns may be relevant and admissible if the evidence sheds light upon the intent of the defendant at the time the return was filed.  Having reviewed the cases cited by Defendant and the Ninth Circuit authority on this issue, the Court is not persuaded that the evidence Defendant seeks to introduce is admissible.

As an initial matter, the Court notes that several of the cases relied upon by Defendant affirmed the district court's exclusion of evidence proffered to show good faith and lack of intent.  See United States v. Harned, 279 Fed.Appx. 262, 264 (4th Cir. 2008) (district court did not abuse its discretion by not allowing the admission of amended returns and other post-filing conduct that supposedly went to the issue of willfulness); Hayes v. United States, 227 F.2d 540, 543 (10th Cir. 1955) (district court did not err in refusing to admit evidence showing payment of past due taxes as evidence of good faith and lack of intent to evade paying taxes); Turner v. United States, 222 F.2d 926, 933 (4th Cir. 1955) (evidence showing that the government had collected a part of the taxes claimed due was properly excluded where there was nothing to show that such collection shed any light upon defendants' intent when they filed their return); United States v. Stoehr, 196 F.2d 276, 282 (3d Cir. 1952) (trial court did not err in refusing to admit an offer of compromise made fifteen months after the defendant learned of his false return).  Further, the cases cited by Defendant that arguably support his position - see e.g., Heindel v. United States, 150 F.2d 493 (6th Cir. 1945), United States v. Matot, 146 F.2d 197 (2d Cir. 1945) and United States v. Klotz, 792 F.Supp. 28 (M.D. Pa. 1992) - are not controlling authority and are readily distinguishable from the present case.  While Defendant cites numerous cases in his

papers,[6] he failed to direct the Court to any analogous case demonstrating that the Court erred in denying his Motion in Limine No. 2. None of the arguments proffered by Defendant persuade the Court that a different conclusion is warranted.

To the extent Defendant argues that "[t]he court should admit the evidence of [belated tax] payments to avoid logistical problems at trial, because evidence of payments and offers to pay amounts is admissible as the basis of [Dr. Victor's] expert opinion, and payments for amounts owed that were not charged is admissible," Dkt. 97, the Court rejects this argument. First, any "payments for amounts owed that were not charged" in the Superseding Indictment are irrelevant to the issue of Defendant's intent at the time he filed the false tax returns. Moreover, even if such payments were relevant to this issue of intent, the minimal probative value of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury. See Fed.R.Evid. 403. Second, "evidence of payments and offers to pay amounts" is not admissible on the ground that such evidence is a basis for Dr. Victor's expert opinion.

Under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, Defendant was required to provide the Government "a written summary of any testimony the defendant intends to use" as evidence at trial under Rules 702, 703 or 705. Fed.R.Crim.P. 16(b)(1)(C). This summary "must describe the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications." Id. The primary purpose of Rule 16(b)(1)(C) is to prevent unfair surprise at trial and to permit the government to prepare rebuttal reports and to prepare for cross-examination at trial. As the Advisory Committee Note expressly states, Rule 16(b)(1)(C) is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused

---

[6] The Court notes that Defendant provides little or no analysis with respect to the decisional authority he cites in support of his position. Notably, Defendant does not argue, let alone show, that any of the cases he relies upon is analogous to the present case. Indeed, aside from the discussion of Matot in his reply brief, Defendant does not discuss the facts of any of the cases he relies upon.

cross-examination." Fed.R.Crim.P. 16 Adv. Comm. Note. A failure to comply with Rule 16 may result in the exclusion of the proffered evidence. Fed.R.Crim.P. 16(d); see United States v. Barile, 286 F.3d 749, 758-759 (4th Cir. 2002); United States v. Day, 433 F.Supp.2d 54, 57 (D.D.C. 2006). Here, Dr. Victor's initial expert report does not identify Defendant's belated tax payments or any other post-filing conduct on the part of Defendant as a basis for his opinion. Instead, Dr. Victor disclosed Defendant's post-filing conduct as a basis for his opinion for the first time in his "supplemental report" prepared one week after the Court issued its order ruling on the parties' motions in limine. See Dkt. 97. The timing of the supplemental report undermines the argument that Defendant's post-filing conduct is necessary to Dr. Victor's opinion. To the contrary, it suggests that Defendant is attempting to find a back door through which otherwise inadmissible evidence could be proffered to the jury. Because Dr. Victor did not timely provide the Government a proper summary of his expert opinion, including all the bases and reasons for his opinion, the Court finds that exclusion of this portion of his testimony is appropriate.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for leave to file a reply brief is GRANTED.
2. Defendant's motion for reconsideration is DENIED.
3. This Order terminates Docket 97 and Docket 103.

IT IS SO ORDERED.

Dated: January 14, 2014

                                          YVONNE GONZALEZ ROGERS
                                          United States District Judge